ACCEPTED
08-20-00217-CR
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
3/15/2021 10:34 AM
ELIZABETH G. FLORES
CLERK

**No. 08-20-00217-CR**

In the Court of Appeals
Eighth District of Texas at El Paso

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
3/15/2021 10:34:20 AM
ELIZABETH G. FLORES
Clerk

CHRISTOPHER CORTEZ THOMAS, APPELLANT

*v.*

THE STATE OF TEXAS

ON APPEAL FROM THE CRIMINAL DISTRICT COURT NUMBER FOUR
DALLAS COUNTY, TEXAS
TRIAL COURT CAUSE NO. F19-51345-K

**STATE'S RESPONSE TO APPELLANT'S MOTION TO TRANSFER CASE
BACK TO THE COURT OF APPEALS-FIFTH DISTRICT AT DALLAS**

JOHN CREUZOT
Criminal District Attorney
Dallas County, Texas

JESSIE R. ALLEN
Assistant District Attorney
Bar No. 24040412
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207
jessie.allen@dallascounty.org
(214) 653-3625
(214) 653-3643 fax

To the Honorable Court of Appeals:

Pursuant to this Court's March 10, 2021 letter requesting a response from the State of Texas, the State makes this response to Appellant's March 8, 2021 motion seeking a transfer of this case to the Court of Appeals for the Fifth District of Texas at Dallas.

## I.

On September 30, 2020, Appellant pleaded guilty to the offense of aggravated assault in case number F19-51345-K. He simultaneously pleaded guilty to the offenses of compelling prostitution and trafficking of persons in case numbers F19-75068-K and F19-75069-K respectively. In each case, the trial court found Appellant guilty and sentenced him to thirty years' confinement. The same day, Appellant filed notices of appeal in all three cases.

On October 13, 2020, pursuant to its authority under section 73.001 of the Texas Government Code, the Supreme Court of Texas issued a transfer order providing that certain cases be transferred from the Fifth Court of Appeals District to this Court:

> Except as otherwise provided by this Order, the first 12 cases filed in the Court of Appeals for the Fifth Court of Appeals District, Dallas, Texas, on or after October 2, 2020, are transferred to the Eighth Court of Appeals District, El Paso, Texas.
>
> . . .

For purposes of determining the effective date of transfers pursuant to this order, "filed" in a court of appeals means the receipt of notice of appeal by the court of appeals.

Transfer of Cases from Courts of Appeals, Misc. Docket No. 20-9117 (Tex. Oct. 13, 2020) (Exhibit A). The transfer order also provided instructions for the transfer of companion cases:

In effectuating this Order, companion cases shall either all be transferred or shall all be retained by the Court in which filed, as determined by the Chief Justice of the transferring Court, provided that cases which are companions to any case filed before the respective operative dates of transfer specified above, shall be retained by the Court in which originally filed.

*Id.*

On October 14, 2020, the Fifth Court of Appeals received Appellant's notice of appeal in case number F19-51345-K and docketed that case as No. 05-20-00900-CR.

On October 19, 2020, the Fifth Court of Appeals completed its transfer of cases to this Court (Exhibit B).[1] Appellant's case was the 12th case transferred to this Court (Exhibit B).

---

[1] Based on a TAMES search for cases filed in the Fifth Court of Appeals beginning on October 2, 2020, it appears that the court did not transfer the first 12 consecutive cases. The reason the court skipped some cases is immediately apparent. For instance, original proceedings are exempt from transfer, and cases with companions that would have caused the number of cases transferred to exceed 12 are supposed to be retained.

On October 28, 2020, after the court had already completed its transfer of cases, it received Appellant's notices of appeal in his companion cases designated as No. 05-20-00941-CR (F19-75068-K) and No. 05-20-00942-CR (F19-75069-K).

## II.

Because Appellant's companion cases were not filed in the Fifth Court of Appeals by the time it had completed compliance with the transfer order, it was appropriate to transfer Appellant's case. That being said, there is a clear design to keep companion cases together under both the Supreme Court's transfer order and its general order for the transfer of cases. *See* Policies for Transfer of Cases Between Courts of Appeals, Misc. Docket No. 06-9136 (Tex. Sept. 22, 2006) (Exhibit C). [2] Had the Fifth Court of Appeals known about the companion cases on October 19th, 2020, it probably would not have transferred Appellant's case to this Court. Accordingly, Appellant's case should be transferred back to the Fifth Court of Appeals.

## III.

Neither this Court nor the Fifth Court of Appeals has authority to transfer appellate cases. *See Miles v. Ford Motor Co.*, 914 S.W.2d 135, 137 (Tex. 1995) (per

---

[2] Appellant's cases are "companion cases" because they are appeals arising out of the same trial court proceeding. Misc. Docket No. 06-9136, ¶ 1.03.

curiam); Tex. Gov't Code Ann. § 73.001. The Supreme Court, however, has provided litigants with the procedures they should follow to seek transfer of a case:

4.01 Any party to a case transferred for docket equalization purposes may file a motion, pursuant to the procedures described in this section, with the court of appeals to which the case has been transferred stating good cause for why the case should be returned to the court of appeals in which the appeal was originally filed. The procedures stated in this subsection shall also govern a party's motion to transfer a case from one court of appeals to another pursuant to the Supreme Court's authority under Government Code Chapter 73.

4.02 A motion to transfer or to re-transfer shall be addressed to the Supreme Court, but filed simultaneously in the court in which the case is pending as well as in the court to which the movant requests transfer. The motion should request the Chief Justices of the respective courts of appeals, after considering the transfer request, to forward a copy of the motion to the Supreme Court, along with a letter from each of the two Chief Justices stating his or her concurrence or non-concurrence with the request to transfer the case. Any briefing by a party regarding the transfer motion also should be simultaneously filed in both courts of appeals and forwarded to the Supreme Court.

4.03 The Chief Justices of the two courts of appeals involved should independently consider the transfer request and forward to the Supreme Court a letter commenting thereon within ten business days after receipt of the transfer motion, unless exceptional circumstances require additional time.

4.04 After receipt of a motion and letters from the Chief Justices of both courts of appeals commenting on the requested transfer, along with any briefs of the parties forwarded by the court of appeals, the Supreme Court will consider the motion.

Misc. Docket No. 06-9136 (Exhibit C).

Appellant's motion does not appear to comply with the requirements of Misc. Docket No. 06-9136.[3] Moreover, as of the filing of this response, it does not appear that Appellant has filed a duplicate motion in the Fifth Court of Appeals. Nonetheless, this Court is not required to wait for Appellant to file a duplicate motion in the Fifth Court of Appeals before it acts in accordance with its duties under Misc. Docket No. 06-9136.

## IV.

In accordance with Misc. Docket No. 06-9136, the State prays the Chief Justice concur with Appellant's request to transfer this case back to the Court of Appeals for the Fifth District of Texas at Dallas and forward Appellant's motion, this response, and the Chief Justice's concurrence to the Supreme Court for consideration.

---

[3] The motion is not addressed to the Supreme Court of Texas and does not request the Chief Justice of this Court to forward the motion to the Supreme Court with a letter stating the Chief Justice's position on the transfer request. Appellant's motion appears to ask this Court to take unilateral action to transfer his case back to the Fifth Court of Appeals.

Respectfully submitted,

JOHN CREUZOT
Criminal District Attorney
Dallas County, Texas

/s/ Jessie R. Allen
JESSIE R. ALLEN
Assistant District Attorney
Bar No. 24040412
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207
jessie.allen@dallascounty.org
(214) 653-3625
(214) 653-3643 fax

**CERTIFICATE OF SERVICE**

I certify that I have electronically served this document on John Tatum (jtatumlaw@gmail.com), 8144 Walnut Hill Lane, Suite 1190, Dallas, Texas 75231, lead counsel for Christopher Cortez Thomas, Appellant, by transmitting it to the efile.txcourts.gov electronic filing service provider on March 15, 2021.

/s/ Jessie R. Allen
Jessie R. Allen

Exhibit A

Misc. Docket No. 20-9117
Transfer of Cases from
Courts of Appeals
October 13, 2020

# IN THE SUPREME COURT OF TEXAS

Misc. Docket No. 20-9117

---

## TRANSFER OF CASES FROM
## COURTS OF APPEALS

---

**ORDERED:**

### I.

Except as otherwise provided by this Order, the first 38 cases filed in the Court of Appeals for the Third Court of Appeals District, Austin, Texas, on or after September 25, 2020, are transferred to the Court of Appeals for the Seventh Court of Appeals District, Amarillo, Texas, and the next 12 cases filed in the Court of Appeals for the Third Court of Appeals District, Austin, Texas are transferred to the Court of Appeals for the Eighth Court of Appeals District, El Paso, Texas.

### II.

Except as otherwise provided by this Order, the first 13 cases filed in the Court of Appeals for the Fourth Court of Appeals District, San Antonio, Texas, on or after October 2, 2020, are transferred to the Thirteenth Court of Appeals District, Corpus Christi, Texas.

### III.

Except as otherwise provided by this Order, the first 12 cases filed in the Court of Appeals for the Fifth Court of Appeals District, Dallas, Texas, on or after October 2, 2020, are transferred to the Eighth Court of Appeals District, El Paso, Texas.

### IV.

Except as otherwise provided by this Order, the first 15 cases filed in the Court of Appeals for the Tenth Court of Appeals District, Waco, Texas, on or after September 25, 2020, are transferred to the Court of Appeals for the Thirteenth Court of Appeals District, Corpus Christi, Texas, and the next 15 cases filed in the Court of Appeals for the Tenth Court of Appeals District, Waco, Texas are transferred to the Court of Appeals for the Sixth Court of Appeals District, Texarkana, Texas.

For purposes of determining the effective date of transfers pursuant to this order, "filed" in a court of appeals means the receipt of notice of appeal by the court of appeals.

In effectuating this Order, companion cases shall either all be transferred, or shall all be retained by the Court in which filed, as determined by the Chief Justice of the transferring Court, provided that cases which are companions to any case filed before the respective operative dates of transfer specified above, shall be retained by the Court in which originally filed.

It is specifically provided that the cases ordered transferred by this Order shall, in each instance, not include original proceedings; appeals in cases involving termination of parental rights; and those cases that, in the opinion of the Chief Justice of the transferring court, contain extraordinary circumstances or circumstances indicating that emergency action may be required.

The transferring Court of Appeals will make the necessary orders for transfer of the cases as directed hereby, and will cause the Clerk of that Court to transfer the appellate record in each case, and certify all orders made, to the court of appeals to which the cases are transferred. When a block of cases is transferred, the transferring court will implement the transfer of the case files in groups not less than once a month, or after all the requisite number of cases have been filed. Upon completion of the transfer of the requisite number of cases ordered transferred, the transferring Court shall submit a list of the cases transferred, identified by style and number, to the State Office of Court Administration, and shall immediately notify the parties or their attorneys in the cases transferred of the transfer and the court to which transferred.

The provisions of Misc. Docket Order No. 06-9136 shall apply except those regarding the types of cases subject to transfer that are specifically addressed above.

SO ORDERED this 13th day of October, 2020.

_____
Nathan L. Hecht, Chief Justice

_____
Eva M. Guzman, Justice

_____
Debra H. Lehrmann, Justice

_____
Jeffrey S. Boyd, Justice

_____
John P. Devine, Justice

_____
James D. Blacklock, Justice

_____
J. Brett Busby, Justice

_____
Jane N. Bland, Justice

Exhibit B

Transmittal Certification
October 19, 2020



*In The Court of Appeals*
*for the*
*Fifth Judicial District of Texas*
*at Dallas*

## TRANSMITTAL CERTIFICATION

By order of the Supreme Court of Texas, dated October 13, 2020, the first 12 cases filed on or after October 2, 2020 now on the docket of this Court are transferred to the Court of Appeals for the Eighth Judicial District, El Paso, Texas, and the undersigned Clerk of this Court certifies that all necessary orders and papers in said cases are herewith transferred to the Clerk of the Court of Appeals for the Eighth Judicial District.

| NUMBER | STYLE OF CASE |
|--------|---------------|
| 1. 05-20-00875-CV | In Re: Guardianship of John V. Walter |
| 2. 05-20-00877-CV | Felicia Donias v. Old American County Mutual Fire Insurance Co |
| 3. 05-20-00878-CV | Biz Friend, LLC and 4555 Beltline, LLC v. Mahaley Transport |
| 4. 05-20-00879-CV | Yumin Zhao d/h/a STA Advertising v. Sea Rock Inc. d/b/a Zuki |
| 5. 05-20-00882-CV | Zachariah C. Manning v. Dallas Independent School District |
| 6. 05-20-00883-CV | Zachariah C. Manning v. Dallas Independent School District |
| 7. 05-20-00885-CV | Christine Flores Desio v. Mike DelBosque d/b/a Injury and Rehab |
| 8. 05-20-00886-CV | Carrie Monroe v. Uday Shah |
| 9. 05-20-00888-CR | Dalton Dewayne Hunt v. State |
| 10. 05-20-00889-CR | Dalton Dewayne Hunt v. State |
| 11. 05-20-00890-CV | Pulak K. Barua v. Mabank Independent School District |
| 12. 05-20-00900-CR | Christopher Cortez Thomas v. State |

I, LISA MATZ, Clerk of the Court of Appeals for the Fifth District of Texas at Dallas, do hereby certify that the foregoing pages contain a true and correct list of the cases transferred to the Court of Appeals for the Eighth District of Texas at El Paso, Texas as previously ordered by the Supreme Court of Texas as the same appears of record in the minutes of this Court.

Given under my hand and seal of said Court at office in Dallas, this the 19th day of October, 2020.

Lisa Matz
Clerk

Exhibit C

Misc. Docket No. 06-9136
Policies for Transfer of Cases Between
Courts of Appeals
September 22, 2006

# IN THE SUPREME COURT OF TEXAS

Misc. Docket No. 06-___9136

## POLICIES FOR TRANSFER OF CASES BETWEEN
## COURTS OF APPEALS

**ORDERED** that:

The transfer of cases between courts of appeals, for the equalization of dockets as mandated by the Legislature in the General Appropriations Act, and for other good cause pursuant to the Supreme Court's authority under Chapter 73 of the Government Code, will in general be in accordance with these guidelines. This order supercedes and vacates Misc. Docket No. 96-9224 (Oct. 24, 1996) and any other Supreme Court orders regarding policies for the transfer of cases between courts of appeals.

### General Guidelines for Docket Equalization Transfers

1.01 The decision to transfer cases for docket equalization purposes will be made by the Supreme Court based on the relative number of cases filed in each of the courts of appeals compared to the statewide average per justice of cases filed, adjusted for historical case filing data. Other factors which may be considered include the availability of appropriated funds for reimbursing the travel and living expenses of the court to which cases are transferred to hear oral arguments at the location of the transferring court and the past or expected absence of justices from a court due to illness, disqualification, absence, or good cause.

1.02 Cases transferred shall not include original proceedings; appeals from interlocutory orders; appeals from denial of writs of habeas corpus; appeals in extradition cases; appeals regarding the amount of bail set in a criminal case; appeals from trial courts and pretrial courts in

multidistrict litigation pursuant to Rule 13.9(b) of the Rules of Judicial Administration; and those cases that, in the opinion of the Chief Justice of the transferring court, contain extraordinary circumstances or circumstances indicating that emergency action may be required.

1.03    Any case that is a companion to a case transferred for docket equalization purposes shall also be transferred to the same court of appeals if, for the case designated for transfer, appeal was perfected prior to appeal being perfected in any companion cases.  If the case for which appeal was first perfected was not designated for transfer for docket equalization purposes but one or more later-perfected companion cases is designated for such transfer, the first-perfected appeal and any companion cases shall be retained by the court in which originally filed.  For purposes of this provision, companion cases are appeals that arise out of the same trial-court proceeding and are not otherwise excluded from docket equalization transfers under §1.02.

1.04    The transferring court, through its clerk, shall transfer the appellate record in each case, and certify all orders made, to the court of appeals to which the cases are transferred.  When a block of cases is transferred, the transferring court will implement the transfer of the case files in groups not less than once a month, or after all the requisite number of cases have been filed, if that number of new filings is reached before 30 days after the transfer is effective.

1.05    The transferring court shall immediately notify the parties or their attorneys in the cases transferred of the transfer and the court to which transferred.

1.06    Upon completion of the transfer of a group of the cases ordered transferred, the transferring court shall submit a list of the cases transferred, identified by style and number, to the Office of Court Administration.

**Transfer of Future-Filed Cases for Docket Equalization Purposes**

2.01    The Supreme Court may order transferred a block of cases consisting of a specified number of the cases next filed in the transferring court on and after a certain date in the future.  The order of the Supreme Court may specify that the cases be all the next civil or all the next criminal cases filed, or all the next cases filed, regardless of whether civil or criminal.  When the Supreme Court orders the transfer of any case for which appeal has not been perfected prior to the date of the transfer order, until the transfer of the first group of cases has been completed and the notices required by paragraph 1.05 have been issued, the existence and content of a proposed or final transfer order of the Supreme Court shall be a confidential record of the judiciary until the transfers described therein have been completed, and until

Misc. Docket No. 069136

the completion of all such transfers no justice or employee of the court from which cases are transferred, the court to which cases are transferred, the Supreme Court, the Office of Court Administration, or other employee of the judicial branch of government shall release or divulge any information concerning the transfer, except as necessary to effect transfer of the cases. Any order of the Supreme Court ordering transfer of one or more cases next filed in the transferring court on and after a certain date in the future shall be filed separate from any transfer order ordering transfer of one or more cases next filed in the transferring court on and after a certain date in the past, *i.e.*, prior to the date the transfer order is signed.

2.02    The transferring court shall make the necessary orders for the transfer.

## Transfer of Blocks of Pending Cases

3.01    Upon the agreement of the Chief Justices of two courts of appeals, the Supreme Court may order the transfer of a specified number of cases pending in the transferring court. The Chief Justices shall communicate their agreement to the Supreme Court along with an agreed criteria for the selection of the cases to be transferred, such as the oldest pending cases ready for oral argument but not yet set.

3.02    Upon approval by the Supreme Court, the Chief Justice of the proposed transferring court shall communicate to the Office of Court Administration a sequential list beginning with the oldest case meeting the agreed criteria proposed to be transferred, listed by docket number and style. In addition to those cases specified by paragraphs 1.02 and 1.03, cases may not be placed on this list if any of the following criteria apply:

3.021    the case has been set for oral argument within the next thirty days and all parties have been notified of the date of the setting;

3.022    the clerk has been notified by both parties that a settlement has been reached in the case and that an agreed order is being prepared for submission to the court; or

3.023    other similar circumstances exist that counsel against transfer of a particular case which would normally be included in the transfer order.

3.03    The transferring court shall make the necessary orders for the transfer of the specified list of cases.

Misc. Docket No. 06-9138

**Procedure for Requesting Re-Transfer of Individual Pending
Cases Transferred for Docket Equalization, and for Requesting
Transfer of Cases Pursuant to Government Code Chapter 73.**

4.01    Any party to a case transferred for docket equalization purposes may file a motion, pursuant to the procedures described in this section, with the court of appeals to which the case has been transferred stating good cause for why the case should be returned to the court of appeals in which the appeal was originally filed. The procedures stated in this section shall also govern a party's motion to transfer a case from one court of appeals to another pursuant to the Supreme Court's authority under Government Code Chapter 73.

4.02    A motion to transfer or to re-transfer shall be addressed to the Supreme Court, but filed simultaneously in the court in which the case is pending as well as in the court to which the movant requests transfer. The motion should request the Chief Justices of the respective courts of appeals, after considering the transfer request, to forward a copy of the motion to the Supreme Court, along with a letter from each of the two Chief Justices stating his or her concurrence or non-concurrence with the request to transfer the case. Any briefing by a party regarding the transfer motion also should be simultaneously filed in both courts of appeals and forwarded to the Supreme Court.

4.03    The Chief Justices of the two courts of appeals involved should independently consider the transfer request and forward to the Supreme Court a letter commenting thereon within ten business days after receipt of the transfer motion, unless exceptional circumstances require additional time.

4.04    After receipt of a motion and letters from the Chief Justices of both courts of appeals commenting on the requested transfer, along with any briefs of the parties forwarded by the courts of appeals, the Supreme Court will consider the motion.

SIGNED this 22nd day of September 2006.

_____
Wallace B. Jefferson, Chief Justice

Misc Docket 06-9136

_____
Nathan L. Hecht, Justice

_____
Harriet O'Neill, Justice

_____
J. Dale Wainwright, Justice

_____
Scott Brister, Justice

_____
David M. Medina, Justice

_____
Paul W. Green, Justice

_____
Phil Johnson, Justice

_____
Don R. Willett, Justice

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessie Allen on behalf of Jessie Ray Allen
Bar No. 24040412
Jessie.Allen@dallascounty.org
Envelope ID: 51466452
Status as of 3/15/2021 10:40 AM MST

Associated Case Party: Christopher Thomas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Gregory Tatum | 19672500 | jtatumlaw@gmail.com | 3/15/2021 10:34:20 AM | SENT |